ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JORGE PÉREZ COLÓN<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | KLRA202400369 | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección y Rehabilitación<br><br>Caso Num.: B-505-24<br><br>Sobre:<br><br>Servicio Médico |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece ante nos, Jorge Pérez Colón (en adelante, "el recurrente"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 6 de junio de 2024 y notificada el 12 de junio de 2024, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en lo sucesivo, por sus siglas "DCR"). Mediante la referida determinación, el DCR dictó una resolución final sobre la "*Solicitud de Remedio Administrativo*," presentada por el recurrente. Sobre el particular, el DCR no le concedió al recurrente la cita médica peticionada. Ello, bajo el fundamento de que el área médica ya le había gestionado a dicho recurrente una cita, la cual había rechazado por ser esta una cita que se realizaría mediante el mecanismo de telemedicina.

Por los fundamentos que expondremos a continuación, *revocamos* la determinación recurrida.

**I.**

El 4 de abril de 2024, el recurrente presentó ante el DCR una "*Solicitud de Remedio Administrativo.*" En dicha solicitud indicó, que en la

Número Identificador
SEN2024 _____

fecha de 28 de enero de 2024 le fue notificada una cita para un estudio médico. Expresó, que el estudio se efectuó el día 29 de enero de 2024. Sostuvo, que la realización del referido estudio le provocó daños adicionales a su espalda. Esto, debido a que, recibió una serie de "electros o agujas de corriente" en una de sus rodillas. Por lo cual, peticionó que se le refiriera a un fisiatra para así poder recibir tratamiento atinente a la condición que afectaba su espalda.

En atención a dicha solicitud, la evaluadora de la Oficina de Remedios Administrativos del DCR, notificó al Director Médico de la referida División de Remedios Administrativos sobre el petitorio del recurrente. Posteriormente, el 2 de mayo de 2024, el DCR notificó una "*Respuesta del Área Concernida/Superintendente.*" Mediante esta, le indicó al recurrente que su caso fue referido a la coordinadora de citas para darle seguimiento a su petición.

Inconforme, el 22 de mayo de 2024, el recurrente presentó una "*Solicitud de Reconsideración*" ante el DCR. En síntesis, expuso que había instado en distintas fechas varias solicitudes para obtener una cita con un fisiatra. Sin embargo, no había podido obtener el remedio peticionado. Por consiguiente, reiteró sus peticiones de que se le ofreciera una fecha de cita para acudir al referido especialista.

Así las cosas, el DCR acogió la "*Solicitud de Reconsideración,*" y el 12 de junio de 2024 notificó una "*Resolución*" de carácter final sobre la "*Solicitud de Remedio Administrativo*" instada por el recurrente. Mediante dicha "*Resolución*," modificó en parte la notificación sobre "*Respuesta del Área Concernida/Superintendente.*" Sobre el particular, el DCR no le concedió al recurrente la cita médica peticionada. Ello, bajo el fundamento de que el área médica ya le había gestionado a dicho recurrente una cita, la cual había rechazado por ser esta una cita que se realizaría mediante el mecanismo de telemedicina.

En dicha "*Resolución*" el DCR esbozó las siguientes determinaciones de hecho:

1. El Recurrente presentó Solicitud de Remedios Administrativos el 4 de abril de 2024 ante la Evaluadora de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón: En su escrito solicita cita con el fisiatra.

2. El 4 de abril de 2024 se hizo Notificación dirigida al Dr. Marcos Devarie, Director Médico, Complejo Correccional de Bayamón.

3. El 12 de febrero de 2024 se recibió respuesta por parte del Dr. Marcos Devarie, Director de Sericios Clínicos, Complejo Correccional de Bayamón en la cual le indica que se refirió el caso del recurrente al coordinador de citas para el debido seguimiento de su petición.

4. El 18 de abril de 2024 la Sra. Maribel García Charriez, Evaluadora Remedios Administrativos, Oficina de Bayamón realiza respuesta al miembro de la población correccional.

5. El 2 de mayo de 2024 se hace la entrega al recurrente del Recibo de Respuestas.

6. El 22 de mayo de 2024, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no esta de acuerdo con la respuesta recibida.

7. Se acoge la petición de reconsideración el 6 de junio de 2024.

Aun inconforme, el 9 de julio de 2024, el recurrente presentó ante nos una "*Moción de Revisión Administrativa.*" Mediante esta, señaló que incidió el DCR al expresar que él se había rehusado a asistir a una cita médica por el mecanismo de telemedicina.

Con el beneficio de la comparecencia de ambas partes, pasamos a disponer de la controversia que nos ocupa.

**II.**

**A. Revisión Judicial y la deferencia a las decisiones administrativas:**

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de las facultades delegadas por ley, cumplan con los mandatos constitucionales aplicables y asegura que los ciudadanos tengan un foro al cual recurrir para vindicar sus derechos. *Capote Rivera y otros v. Voilí Voilá Corporation y otros*, 2024 TSPR 29. En lo atiente, en el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias administrativas debido a la vasta experiencia y conocimiento

especializado en los asuntos que les han sido encomendados. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70; *Asoc. Fcias. v. Caribe Specialty et al. II.,* 179 DPR 923, 940 (2010); véanse también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

Ahora bien, nuestro Tribunal Supremo ha reiterado que la deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *Pérez López v. Depto. Corrección*, 208 DPR 656, 673 (2022); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012); véanse también, *Torres Santiago v. Depto. Justicia,* 181 DPR 869 (2011); *Asoc. Fcias. v. Caribe Specialty et al. II*, *supra.*

En este ejercicio, nuestro Más Alto Foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección, que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *OEG v. Martínez Giraud,* 210 DPR 79, 89 (2022); *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006); *véanse también*, *Otero v. Toyota*, supra; *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 DPR 521, 532 (1993).

B. ***Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional:***

El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento 8583, de 4 de mayo de 2015, estableció la División de Remedios Administrativos. Esto con el objetivo de que todo miembro de la población correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio para su atención con el fin de minimizar las

diferencias entre la población y el personal del DCR y para reducir la radicación de pleitos en los tribunales. Reglamento 8583, Introducción.

En su Regla VI (1), el Reglamento 8583, *supra*, establece aquellas materias sobre las cuales la División de Remedios Administrativos tiene jurisdicción; a saber:

1.  La División tendrá jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional en cualquier institución o facilidad correccional donde se encuentre extinguiendo sentencia y que esté, relacionada directa o indirectamente con:

    a.  Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.

    b.  Cualquier incidente o reclamación comprendida bajo las disposiciones de este Reglamento.

    c. Cuando el Superintendente impone la suspensión de privilegios sin celebración de vista alguna, conforme a la reglamentación vigente sobre la "Suspensión de Privilegios por Razones de Seguridad".

    d.  Alegaciones de violencia sexual por parte de un miembro de la población correccional conforme "Prison Rape Elimination ACT" (PREA).

Las Reglas XII a la XIV del Reglamento 8583, *supra*, estatuyen el procedimiento para la radicación y tramitación de solicitudes de Remedios Administrativos ante la DRA que reseñamos a continuación. El miembro de la población correccional deberá iniciar la Solicitud de Remedios Administrativos mediante la presentación del formulario establecido para ello. Regla XII, Reglamento 8583. Un Evaluador deberá contestar la solicitud de remedio radicada mediante una Respuesta al Remedio. Regla IV (20); Regla IX (3) (k); Regla XIII (4) del Reglamento 8583, *supra.*

Si el miembro de la población correccional no estuviera de acuerdo con la respuesta emitida podrá solicitar su revisión mediante escrito de reconsideración ante el Coordinador. Regla XIV (1), Reglamento 8583. El Coordinador tendrá 15 días para emitir una Respuesta a la Solicitud de Reconsideración sobre si acoge o no la solicitud de reconsideración. Reglas IV (19) y XIV (4) del Reglamento 8583, *supra.* Si acoge la solicitud de reconsideración, el Coordinador deberá emitir una Resolución de Reconsideración, la cual se define como un escrito en el cual se contesta

la solicitud de reconsideración acogida. Deberá contener un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada. Regla IV (21) del Reglamento 8583, *supra.*

El miembro de la población correccional podrá solicitar revisión ante este Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de: (1) la fecha del archivo de autos de la copia de la notificación de la Resolución de Reconsideración emitida por el Coordinador atendiendo la solicitud de reconsideración, Regla XV (1) del Reglamento 8583, *supra;* (2) de la notificación de la DRA denegando la solicitud de reconsideración, Regla XIV (4), Reglamento 8583, *supra;* o (3) de que se expiren los quince (15) días que tiene la DRA para emitir una respuesta acogiendo o denegando la solicitud de reconsideración, sin que así lo haya hecho, Regla XIV (4), Reglamento 8583, *supra.* De otra parte, también podrá solicitar revisión ante este Tribunal dentro del término de 90 días a partir de la radicación de la solicitud de reconsideración acogida, si la Agencia no actúa conforme a la misma, Regla XV (1) del Reglamento 8583, *supra.*

**III.**

En esencia, el recurrente argumenta que no se ha negado a tener una cita con el fisiatra por la vía de telemedicina. Añade, que tampoco se le ha notificado la existencia de una cita por dicho medio.

Por su parte, el DCR sostiene que le fue gestionada al recurrente una cita con el fisiatra, pero que éste se negó a participar de la referida cita. El DCR fundamenta su postura con un documento remitido por la entidad "*Physician Correctional*," del cual surge una fecha timbrada que data del 18 de septiembre de 2023.

Al revisar la totalidad del expediente ante nuestra consideración, concluimos que la determinación del DCR no representó un ejercicio razonable de su discreción administrativa. Veamos.

Ciertamente, según fue esbozado, las determinaciones de las agencias administrativas merecen nuestra deferencia. La razón de ello estriba en que estas poseen un conocimiento especializado. No obstante, dicha norma no es absoluta. En las circunstancias particulares ante nos, la decisión del DCR no es cónsona con el principio de razonabilidad.

Según fue expuesto, los hechos que nos ocupan iniciaron el 29 de enero de 2024, fecha en que el recurrente participó de un estudio médico. El recurrente esbozó, que el referido estudio agravó su condición de espalda. En consecuencia, solicitó una cita con un fisiatra, mediante una "*Solicitud de Remedio Administrativo*" con fecha del 4 de abril de 2024. El DCR, luego de indicar que refirió el caso a la coordinadora de citas, dictó una "*Resolución*" de reconsideración en la que determinó que el recurrido se rehusó a tener la cita médica por el mecanismo de telemedicina. Sin embargo, no se desprende del expediente de la agencia administrativa alguna evidencia que indique el trámite ejercido por el DCR para con la cita peticionada, más allá de solo referir la solicitud al área de coordinación de citas. Tampoco obra en dicho expediente evidencia relacionada a la negativa del recurrente de asistir a una cita médica por telemedicina. El único documento en que el DCR sostiene su decisión es de una fecha anterior a la "*Solicitud de Remedio Administrativo*," presentada por el recurrente.

Por consiguiente, la determinación del DCR no cumplió con el criterio rector de que estuviera basada en evidencia sustancial que obre en el expediente. Esto, toda vez que, la evidencia que el DCR trae ante nuestra consideración no es una que una mente razonable podría aceptar como adecuada para sostener la conclusión que esbozó, según lo exige nuestro ordenamiento jurídico. Véase, *OEG v. Martínez Giraud,* supra, pág. 90.

**IV.**

Por los fundamentos expuestos, *revocamos* la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones